TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00527-CR







Mark Foster, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0984548, HONORABLE CHARLES F. CAMPBELL JR., JUDGE PRESIDING







A jury found appellant Mark Foster guilty of possessing or attempting to possess
a controlled substance by misrepresentation or fraud. See Tex. Health & Safety Code Ann.
§ 481.129(a)(4)(A) (West Supp. 2000). The district court assessed punishment at imprisonment
for ten years, but suspended imposition of sentence and placed appellant on community
supervision. We will affirm.

Appellant contends the evidence is legally insufficient to sustain his conviction
because the State failed to prove that he acted with the requisite culpable mental state. (1) Under
section 481.129(a)(4)(A), it is an offense to knowingly possess or attempt to possess a controlled
substance by fraud. The question is whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found this element of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State,
614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

Mark Boccieri, an Austin pharmacist, testified that a person claiming to be Dr.
Rader telephoned a prescription for Vicodin, a trade name for hydrocodone, on behalf of Mark
Foster. Suspecting that the call was fraudulent, Boccieri called Dr. Rader to confirm the
prescription. The doctor told Boccieri that he had not called in the prescription and that he did
not have a patient named Mark Foster. Boccieri then called the police to report what had
happened.

William Rueter, a Department of Public Safety narcotics officer, went to the
pharmacy in plain clothes and waited for someone to claim the Foster prescription. Two men
arrived, one of whom identified himself as Mark Foster and asked for the prescription in that
name. Rueter identified appellant at trial as the Mark Foster who claimed the prescription.

Appellant argues that the evidence does not support an inference that he knew the
prescription was fraudulent, citing Ryan v. State, 937 S.W.2d 93, 100 (Tex. App.--Beaumont
1996, pet. ref'd). The sufficiency of the evidence was not an issue in Ryan, and that case is
factually distinguishable in any event. The evidence in this cause shows that the telephoned
prescription was bogus: Dr. Rader did not make the call and did not have a patient named Mark
Foster. The jury could reasonably infer that appellant knew he was not Rader's patient, and
therefore could reasonably infer that appellant knew the prescription was fraudulent. Point of
error two is overruled. 

Appellant also contends there is a fatal variance between the indictment, which
alleged that he "obtain[ed] and attempted to obtain possession of a controlled substance" and the
State's proof, which showed that he never obtained possession. When a penal statute prescribes
more than one way of committing the offense, each method may be alleged conjunctively in the
indictment but submitted to the jury disjunctively. See Kitchens v. State, 823 S.W.2d 256, 258
(Tex. Crim. App. 1991). The district court properly authorized appellant's conviction if the jury
found that he "obtain[ed] or attempt[ed] to obtain" the controlled substance by fraud. See id. The
opinion relied on by appellant, Castillo v. State, 7 S.W.3d 253, 258-60 (Tex. App.--Austin 1999,
pet. ref'd), is distinguishable. In that case, the court's charge authorized a conviction on a theory
not alleged in the indictment. Point of error one is overruled.

Finally, appellant contends his attorney at trial rendered ineffective assistance
because he did not call appellant's brother to testify and did not adduce evidence that appellant
identified his brother as the person who made the fraudulent telephone call. Appellant testified
at the sentencing hearing that he did not call in the false prescription, and appellant's lawyer told
the court outside the jury's presence that appellant said that his brother made the call. Assuming
this to be true, there is no showing that appellant's brother would have testified. Even if
appellant's brother did make the call, that would not be inconsistent with a finding of appellant's
guilt. See Tex. Penal Code Ann. § 7.02 (West 1994). Appellant has not overcome the
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of error
three is overruled.

The judgment of conviction is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: June 15, 2000

Do Not Publish
1. Appellant contends the State was required to prove that he acted intentionally. In fact, under
section 481.129(a) and the indictment, the State had only to prove that he acted knowingly.



d 155, 158-59 (Tex. Crim. App. 1981).

Mark Boccieri, an Austin pharmacist, testified that a person claiming to be Dr.
Rader telephoned a prescription for Vicodin, a trade name for hydrocodone, on behalf of Mark
Foster. Suspecting that the call was fraudulent, Boccieri called Dr. Rader to confirm the
prescription. The doctor told Boccieri that he had not called in the prescription and that he did
not have a patient named Mark Foster. Boccieri then called the police to report what had
happened.

William Rueter, a Department of Public Safety narcotics officer, went to the
pharmacy in plain clothes and waited for someone to claim the Foster prescription. Two men
arrived, one of whom identified himself as Mark Foster and asked for the prescription in that
name. Rueter identified appellant at trial as the Mark Foster who claimed the prescription.

Appellant argues that the evidence does not support an inference that he knew the
prescription was fraudulent, citing Ryan v. State, 937 S.W.2d 93, 100 (Tex. App.--Beaumont
1996, pet. ref'd). The sufficiency of the evidence was not an issue in Ryan, and that case is
factually distinguishable in any event. The evidence in this cause shows that the telephoned
prescription was bogus: Dr. Rader did not make the call and did not have a patient named Mark
Foster. The jury could reasonably infer that appellant knew he was not Rader's patient, and
therefore could reasonably infer that appellant knew the prescription was fraudulent. Point of
error two is overruled. 

Appellant also contends there is a fatal variance between the indictment, which
alleged that he "obtain[ed] and attempted to obtain possession of a controlled substance" and the
State's proof, which showed that he never obtained possession. When a penal statute prescribes
more than one way of committing the offense, each method may be alleged conjunctively in the
indictment but submitted to the jury disjunctively. See Kitchens v. State, 823 S.W.2d 256, 258
(Tex. Crim. App. 1991). The district court properly authorized appellant's conviction if the jury
found that he "obtain[ed] or attempt[ed] to obtain" the controlled substance by fraud. See id. The
opinion relied on by appellant,