

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00419-CR

Robert G. **POSOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 298496
The Honorable Jason Wolff, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 7, 2013

AFFIRMED

Following a jury trial, appellant Robert G. Posos was convicted of interference with the duties of a public servant.  On appeal, Posos contends his trial counsel was ineffective.  We affirm the trial court's judgment.

### BACKGROUND

A detailed rendition of the facts is unnecessary for the disposition of the issues in this appeal.  Accordingly, we provide only a brief background for context.

After police responded to a disturbance at Posos's home, he was arrested for interfering with police officers while they were performing their duties. A jury found Posos guilty, and the trial court sentenced him to six months in jail and a $300.00 fine. The trial court suspended jail time and placed Posos on probation for nine months. After his motion for new trial was denied, Posos perfected this appeal.

ANALYSIS

On appeal, Posos raises a single issue, complaining his trial counsel was ineffective in the following respects: (1) misinformed Posos regarding eligibility for deferred adjudication community supervision; (2) improperly attempted to present evidence of an officer's reprimand to the jury; (3) re-played a prejudicial 911 recording during closing argument; (4) failed to call witnesses during punishment; (5) was unaware of Posos's previous convictions; and (6) inadequately prepared and presented the motion for new trial.

***Standard of Review***

To prevail on an ineffective assistance of counsel claim, an appellant must show: (1) deficient performance by trial counsel, and (2) prejudice arising from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007). To establish deficient performance, an appellant must prove by a preponderance of the evidence counsel's representation fell below the "objective standard of reasonableness." *Jimenez*, 364 S.W.3d at 883 (citing *Strickland*, 466 U.S. at 688). Appellate courts have never interpreted this standard of review to mean "the accused is entitled to errorless or perfect counsel." *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.) (quoting *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990)). The range of reasonable assistance by counsel is wide and the representation as a whole is measured, with deference given to the likelihood that actions taken

were based on sound trial strategy. *Jimenez*, 364 S.W.3d at 883. Based on this, there is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional competence. *Strickland*, 466 U.S. at 690; *Ex parte Niswanger*, 335 S.W.3d 611, 619 (Tex. Crim. App. 2011).

To overcome this presumption, an appellant must establish counsel's ineffectiveness is "firmly founded in the record," and "the record affirmatively demonstrate[s]" the alleged ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Otherwise, the strong presumption that trial counsel acted within the proper range of reasonable and professional assistance and had a sound trial strategy in mind is not overcome. *Badillo*, 255 S.W.3d at 129.

Generally, direct appeals are inadequate vehicles for *Strickland* claims because the record is usually undeveloped. *Goodspeed*, 187 S.W.3d at 392. This is true with regard to claims of deficient performance where counsel's reasons for claimed errors do not appear in the record. *Id*. A reviewing court should not find deficient performance unless trial counsel has had an opportunity to explain his actions or the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*; *see Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Accordingly, "a silent record on the reasoning behind counsel's actions is sufficient to deny relief." *Badillo*, 255 S.W.3d at 129.

Even if an appellant is able to demonstrate deficient performance, he must still affirmatively prove prejudice by showing a reasonable probability that "but for counsel's unprofessional errors" the outcome at trial would have been different. *Strickland*, 466 U.S. at 694; *Jimenez*, 364 S.W.3d at 883. A reasonable probability is one that is sufficient to "undermine confidence" in the outcome of the trial. *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. Failure to make the required showing of either deficient performance or sufficient prejudice defeats

the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

### *Eligibility for Deferred Adjudication Community Supervision*

Posos first claims his trial counsel was ineffective because she misunderstood the law relating to eligibility for deferred adjudication community supervision. Posos pled not guilty to the charge of interfering with the duties of a police officer. A jury found him guilty, and the trial court placed him on probation for nine months. On appeal, Posos contends his trial counsel rendered ineffective assistance because she did not inform him that pleading "not guilty" would render him ineligible for deferred adjudication community supervision. Furthermore, Posos states that during the punishment phase, trial counsel mistakenly requested deferred adjudication community supervision, which the trial court denied, noting Posos was ineligible because Posos had pled not guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2012).

To prove ineffective assistance of counsel based on trial counsel's alleged misunderstanding of the law regarding deferred adjudication community supervision, Posos must show it is apparent from the record that trial counsel's actions were more than "mere mistake." *See State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991) (en banc). Among other things, the record must contain evidence that defendant's decision would have been different if trial counsel had correctly informed him of the law.[1] *Id.* at 731–32. Trial counsel's representation shall be viewed in its totality to determine whether it was reasonably effective during the punishment phase of the trial. *Id.* at 731; *Ex Parte Walker*, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989); *Ex*

---

[1] Appellant must prove there is evidence to support the following four elements to establish an ineffective assistance of counsel regarding trial counsel's misunderstanding of the law on deferred adjudication: (1) defendant was initially eligible to receive deferred adjudication; (2) counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy; (3) defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice; and (4) defendant's decision would have been different if counsel had correctly informed him of the law. *See Recer*, 815 S.W.2d at 731–32. Since Posos needs to prove all four elements, and we hold he has failed to establish the last element, we need not address the other three elements.

*Parte Cruz*, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). Each case must be reviewed based upon its individual facts and circumstances. *Recer*, 815 S.W.2d at 731 (citing *Ex Parte Gallegos*, 511 S.W.2d 510, 511 (Tex. Crim. App. 1974)).

We hold Posos does not satisfy the stated *Recer* requirement—the record is silent as to whether Posos would have made a different decision, that is, pled guilty, had trial counsel correctly informed him of the law regarding deferred adjudication community supervision. *See Badillo*, 255 S.W.3d at 129. In order to meet *Strickland*'s second prong, and to prove prejudice, Posos must show that but for his trial counsel's errors there was reasonable probability that the result of the proceedings would have been different. *See Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012). The prejudice prong turns on whether the deficiency made any difference to the outcome of the case. *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012). As noted, there is no evidence in the record Posos would have pled guilty, and thus, no evidence of a different outcome.

Posos argues his trial counsel's request for deferred adjudication during the punishment phase is some evidence he would have pled guilty in order to have a chance to receive deferred adjudication community supervision. We disagree. The record does not clearly establish Posos would have pled guilty had he known a "not guilty" plea would make him ineligible for deferred adjudication. *See Recer*, 815 S.W.2d at 730 (holding defendant must show he would have made a different decision if properly informed). We hold the record does not show Posos would have entered a guilty plea because neither Posos's intentions, nor his trial counsel's advice, are clearly stated in the record. *Cf., Garcia v. State*, 308 S.W.3d 62, 73–75 (Tex. App.—San Antonio 2009) (holding record clearly shows trial counsel's assistance was prejudicial). Thus, because Posos's ineffective assistance claim is not firmly founded in the record, we hold Posos has failed to establish trial counsel's assistance was ineffective. We overrule his first issue.

*Other Alleged Instances of Ineffective Assistance*

Posos also contends his trial counsel was ineffective because she: (1) attempted to present inadmissible evidence to the jury; (2) replayed a prejudicial 911 recording during closing argument; (3) failed to call witnesses during punishment; (4) was unaware of Posos's previous convictions; and (5) inadequately prepared and presented the motion for new trial.

Regarding Posos's first four contentions, the record does not affirmatively demonstrate trial counsel lacked a sound trial strategy or acted outside the proper range of reasonable and professional assistance. *See Jimenez*, 364 S.W.3d at 883; *Badillo*, 255 S.W.3d at 129; *see also Goodspeed*, 187 S.W.3d at 392.

First, Posos argues his trial counsel attempted to present inadmissible evidence to the jury. Posos contends his trial counsel should not have attempted to introduce a San Antonio Police Department disciplinary report, which showed one of the police officers that arrested Posos was reprimanded for failing to note in his report that he drew his weapon. However, the record shows trial counsel tried to admit such evidence in order to attack the credibility of a witness, a police officer. We hold this was sound strategy.

Next, Posos contends trial counsel erred in replaying a 911 recording from the night of his arrest. Posos claims the recording, played for the second time during closing argument, shows him screaming and angrily cursing at the officers, and could have prejudiced the jury. However, the record shows trial counsel used the recording to show discrepancies between witnesses' testimonies. *See Jensen v. State*, 66 S.W.3d 528, 544 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (noting introduction of evidence to attack credibility of witnesses may be sound trial strategy). This too was a sound strategy.

With respect to Posos's contentions that trial counsel was ineffective by failing to present witnesses during the punishment phase and being unaware of Posos's prior DWI convictions, the

record is silent. *See Badillo*, 255 S.W.3d at 129. The record does not show whether witnesses were available to testify and the benefit Posos would have obtained from such testimony. *See Garza*, 213 S.W.3d at 347–48; *see also Ex parte McFarland*, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005) (holding appellant failed to establish trial counsel's deficient performance for failure to call witnesses at guilt-innocence and punishment stage when appellant could not identify specific witnesses that should have been called, that such witnesses were available to testify, and that their testimony would have benefitted him). Thus, Posos's claim in this regard is not firmly founded in the record.

Finally, the record does support Posos's contention that his trial counsel inadequately prepared and presented the motion for new trial. Trial counsel did not file a sworn and notarized affidavit; she improperly made hand-written edits to the affidavit; and she did not present copies of the motion for new trial at the hearing.[2] The record shows the judge refused the admission of the affidavit because it was not sworn and notarized and there was "additional writing" calling into question its authenticity. *See* TEX R. EVID. 901 (requiring authentication "as a condition precedent to admissibility that is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."). Also, trial counsel cited inapplicable law in the motion for new trial, and erroneously asked for a judgment notwithstanding the verdict in the alternative, which applies only in civil cases. *See* TEX. R. CIV. P. 301. Therefore, considering the errors trial counsel committed, we hold no competent attorney would have made the same decisions with regards to the motion for new trial. *See Andrews*, 159 S.W.3d at 101; *see also Perez*, 310 S.W.3d at 893.

---

[2] *See* TEX. R. CIV. P. 21.

Nonetheless, we hold trial counsel's deficiencies in this respect did not cause Posos to suffer such prejudice that the "outcome would have been different but for the alleged errors." *See Howard v. State*, 239 S.W.3d 359, 368 (Tex. App.—San Antonio 2007, pet. ref'd); *Strickland*, 466 U.S. at 694. In other words, Posos has failed to show a reasonable probability that had his trial counsel properly prepared and presented his motion for new trial, it would have been granted. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that although motion to suppress would have been appropriate vehicle to challenge alleged illegal search, appellant failed to prove such motion would have been granted, thereby failing to satisfy *Strickland*); *see also Ryan v. State*, 937 S.W.2d 93, 104 (Tex. App.—Beaumont 1996) (holding failure of trial counsel to file appropriate pretrial motions was not ineffective counsel because appellant failed to identify basis in record for granting motions). Accordingly, we overrule Posos's remaining issues.

### CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH