**Ex parte Robert Lynn PRUETT, Applicant.**

**No. WR–62099–01.**

Court of Criminal Appeals of Texas.

Oct. 19, 2005.

Richard W. Rogers, III, Corpus Christi, for appellant.

Melinda Mayo, Special Prosecutor, Amarillo, Matthew Paul, State's Atty., Austin, for state.

### ORDER

PER CURIAM.

This is an application for a writ of habeas corpus filed pursuant to the provisions of Article 11.071 of the Texas Code of Criminal Procedure.

On April 30, 2002, the applicant was convicted of the offense of capital murder. The jury answered the special issues in the State's favor, and the applicant was sentenced to death.[1] This Court affirmed the applicant's conviction and sentence on direct appeal.[2]

In his application, the applicant presents thirteen allegations in which he challenges the validity of his conviction and resulting sentence. The trial court held an evidentiary hearing and entered findings of fact and conclusions of law. The trial court concluded that the applicant's allegations were without merit, with the exception of his tenth and eleventh grounds for relief.

With regard to the tenth and eleventh grounds, the trial court found "fundamental and material violations of the Constitution, the Rules of Evidence, and the trial court's pretrial discovery" and recommended that the applicant's conviction be set aside. This conclusion was premised in part upon the notion that "[t]he accused has the right to inspect evidence material to his defense." The items of evidence in question were statements by two witnesses that the applicant had admitted to stabbing the victim.

This Court has reviewed the record with respect to the allegations made by the applicant. We adopt the trial court's findings of fact and conclusions of law, except for the trial court's findings and conclusions on grounds ten and eleven. According to the United States Supreme Court, "There is no general constitutional right to discovery in a criminal case."[3] Although the Due Process Clause confers upon defendants a right to be informed about the existence of *exculpatory* evidence, it does not require the prosecution to "reveal before trial the names of all witnesses who will testify unfavorably."[4] As for the trial court's conclusion that the failure to reveal the inculpatory statements also violated the rules of evidence and the trial court's discovery order, such violations, even if they occurred, would not be grounds for relief on habeas corpus.[5]

We deny relief.

MEYERS, J. did not participate.

---

1. See Tex.Code Crim. Proc., Art. 37.071.

2. *Pruett v. State,* No. 74,370, 2004 WL 3093232 (Tex.Crim.App., September 22, 2004).

3. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *United States v. Ruiz,* 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

4. *Bursey,* 429 U.S. at 559, 97 S.Ct. 837.

5. *Ex parte Pena,* 71 S.W.3d 336, 336–337 (Tex.Crim.App.2002)(habeas relief unavailable for a claim that does not involve a jurisdic-

tional defect or a violation of constitutional or fundamental rights).