Thomas Erik BADILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–06–00876–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 2, 2008.

Thomas Badillo, Diboll, TX, pro se.

E. Bruce Curry, District Attorney, Kerrville, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice, STEVEN C. HILBIG, Justice.

## OPINION

STEVEN C. HILBIG, Justice.

Thomas Erik Badillo was convicted of prohibited sexual conduct by a jury and sentenced to a term of four and one-half years in prison. In his *pro se* appeal, Badillo contends the trial court erred in admitting evidence and charging the jury and that his trial counsel rendered ineffective assistance. We affirm the trial court's judgment.

### BACKGROUND

Because Badillo does not challenge the sufficiency of the evidence to support his conviction, we will provide an abbreviated version of the facts. The complainant in this case is Badillo's step-daughter, J.K. In September 2005, J.K., who was seventeen-years-old at the time and lived with her father, went to visit her mother and Badillo. J.K. decided to spend the night and went to sleep in the bed with her mother. She awoke to discover that Badillo was on top of her with his penis inside her vagina. J.K. got up and left the house. She later called her mother and told her what occurred and eventually reported the assault to law enforcement authorities.

Lt. Linda Lively of the Fredericksburg Police Department testified she was responsible for the investigation of J.K.'s complaint. Lt. Lively interviewed Badillo and later recorded a telephone conversation with him. She also received a faxed, unsigned statement from Badillo. In these communications, Badillo admitted to Lt. Lively that he had sex with J.K. several times and that he engaged in intercourse and oral sex with her. At trial, Badillo denied having sex with J.K. and denied sending the fax to Lt. Lively, but did not dispute the contents of the oral recording made by Lt. Lively.

The Gillespie County grand jury returned a single-count indictment against Badillo charging him with prohibited sexual conduct.[1] The indictment alleged in part that Badillo did "engage in sexual intercourse and deviate sexual intercourse with . . . J.K."

### JURY CHARGE ERROR

In his first point of error Badillo complains that although the indictment states he committed prohibited sexual conduct by engaging in sexual intercourse and deviate sexual intercourse, the jury charge application paragraph contained only the allegation of sexual intercourse. Badillo asserts that because the jury charge failed to include the allegation of deviate sexual intercourse, the jury failed to find "all the elements of the indictment" beyond a reasonable doubt.

The State may charge more than one manner of committing an offense in a single paragraph of an indictment. *State v. Carter*, 810 S.W.2d 197, 199 (Tex.Crim. App.1991). The State is required to prove only one of the several manner or means alleged. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991), *cert. denied*, 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992). The State may abandon an allegation as to manner or means of committing the offense and proceed on any remaining allegation. *Eastep v. State*, 941 S.W.2d 130, 133 (Tex.Crim.App.1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex.Crim.App.2000). Here, the court submitted to the jury only

---

1. A person commits the offense of prohibited sexual conduct if he "engages in sexual intercourse or deviate sexual intercourse with another person the actor knows to be, without regard to legitimacy . . . the actor's current or former stepchild." TEX. PENAL CODE ANN. § 25.02(a)(2) (Vernon Supp. 2007).

the allegation that Badillo committed prohibited sexual conduct by engaging in sexual intercourse. Because the court correctly charged the jury as to the elements of the offense, we overrule Badillo's first point of error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point, Badillo complains his trial counsel rendered ineffective assistance.

### *Applicable Law*

 To establish ineffective assistance of counsel, a defendant must show both that trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002). The defendant bears the burden of proving ineffective assistance by a preponderance of the evidence. *Ex parte Chandler,* 182 S.W.3d 350, 354 (Tex.Crim.App.2005); *Bone,* 77 S.W.3d at 833. To show deficient performance, defendant must show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim. App.1999). We presume trial counsel acted within the proper range of reasonable and professional assistance and that his trial decisions were based on sound strategy. *Salinas v. State,* 163 S.W.3d 734, 740 (Tex.Crim.App.2005) (citing *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App. 2001)). To overcome this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson,* 9 S.W.3d at 814 (quoting *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App. 1996), *cert. denied,* 519 U.S. 1119, 117 S.Ct.

966, 136 L.Ed.2d 851 (1997), *abrogated on other grounds by Mosley v. State,* 983 S.W.2d 249 (Tex.Crim.App.1998)). We will not speculate as to the basis for counsel's actions; thus a silent record on the reasoning behind counsel's actions is sufficient to deny relief. *Stults v. State,* 23 S.W.3d 198, 208 (Tex.App.-Houston [14th Dist.] 2000, pet ref'd); *see Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003). To show he was prejudiced by counsel's deficient performance, a defendant must demonstrate there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland,* 466 U.S. at 700, 104 S.Ct. 2052. The standard for reviewing trial counsel's performance "has never been interpreted to mean that the accused is entitled to errorless or perfect counsel." *Ex Parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App. 1990).

### *Failure to Withdraw*

 Badillo first complains that trial counsel continued to represent him despite his filing of a *pro se* "Declaration of Conflict Between Attorney and Client" and counsel's filing a motion to withdraw. Badillo also points to a "blank order"[2] as proof that the trial judge permitted his counsel to withdraw. However, the record does not indicate that either motion was presented to the court or ruled on and is silent as to why the motions were not pursued. The record thus fails to affirmatively demonstrate any ineffectiveness. *See Thompson,* 9 S.W.3d at 813–14.

**2.** Badillo is apparently referring to a proposed order attached to counsel's motion.

### Undisclosed Witnesses

Badillo next complains counsel failed to object when the State offered the testimony of two witnesses whose names did not appear on its "witness list." Badillo's counsel filed a motion for discovery requesting that the trial court order the State to produce a witness list. However, the record does not reflect, and Badillo does not assert, that the trial judge ever ruled on the motion.

There is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). "Although the Due Process Clause confers upon defendants a right to be informed about the existence of *exculpatory* evidence, it does not require the prosecution to 'reveal before trial the names of all witnesses who will testify unfavorably.'" *Ex parte Pruett*, 207 S.W.3d 767, 767 (Tex. Crim.App.2005) (quoting *Weatherford*, 429 U.S. at 559, 97 S.Ct. 837). And although article 39.14 of the Texas Code of Criminal Procedure affords a defendant the right to discovery of certain items, it does not mandate disclosure of witnesses generally but only of expert witnesses and then only when ordered by the court. *See* TEX.CODE CRIM. PROC. ANN. art. 39.14 (Vernon Supp. 2007). Because the record does not reflect the State was ordered to disclose its witnesses, any objection to the testimony of the two witnesses would properly have been overruled. Counsel therefore did not render ineffective assistance by failing to object to the testimony. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996).[3]

### Improper Impeachment

Badillo complains trial counsel rendered ineffective assistance by failing to object when the prosecutor asked him whether he had made "sexual advances" to a former landlady because the question violates rule 608 of the Texas Rules of Evidence and "prejudiced the jury by irrelevant information." When the question was asked, Badillo had already testified before the jury that he and his wife had discussed engaging in sexual activity by way of a "a threesome" and that his wife had "offered that to me as a birthday gift, [a] threesome with another person, with another girl, and I accepted it, and we did [it];" that in the past he had been addicted to methamphetamine and entered drug rehabilitation on two different occasions to combat the addiction; and that he had taken his wife's prescription pain medication. Badillo makes no effort to explain how the testimony to which he contends counsel should have objected probably affected the outcome of the trial. Badillo has thus failed to sustain his burden.

### Favorable Witness

Badillo next complains that trial counsel was "made aware of a witness who would have been able to testify as to what [the complainant] said to the potential witness that being different from [the complainant's] testimony." However, the record does not show what the witness would have testified, that Badillo would have benefited from the testimony, or that the witness was available to testify. He has therefore failed to show ineffective assistance. *See King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App.1983).

---

**3.** In a separate point, Badillo assigns error to the State's failure to provide him "a true and accurate witness list." As discussed above, the State has no independent duty to provide a witness list and was not ordered by the trial court to provide one. Accordingly we overrule the point of error.

## Jury Charge

■ Badillo contends counsel should have objected that the jury was not charged on "all elements of the indictment" and was not instructed to "consider" J.K.'s mother an accomplice witness. We held above there was no error in the application portion of the jury charge, and Badillo's ineffective assistance complaint on that ground fails.

■ A person is an accomplice if he participates with a defendant in the commission of a crime by doing some affirmative act, with the requisite culpable mental state, that promotes the commission of that offense. *Cocke v. State*, 201 S.W.3d 744, 748 (Tex.Crim.App.2006), *cert. denied*, — U.S. —, 127 S.Ct. 1832, 167 L.Ed.2d 332 (2007). "There must exist evidence sufficient to connect the alleged accomplice to the criminal offense as a 'blameworthy participant.'" *Id.* at 748. For the evidence to raise a witness's culpability as a party, it must show the witness acted "with intent to promote or assist the commission of the offense" with which the defendant is charged. TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). This requires a showing that the witness "harbored the specific intent to promote or assist the commission of the offense." *Pesina v. State*, 949 S.W.2d 374, 382 (Tex. App.-San Antonio 1997, no pet.). A witness's mere presence at a crime scene does not make him an accomplice. *Cocke*, 201 S.W.3d at 748. Nor does having knowledge of the offense and failing to disclose it or concealing it make him an accomplice. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim.App.2007), *cert. denied*, — U.S. —, 128 S.Ct. 627, 169 L.Ed.2d 404 (2007). "In short, if the witness cannot be prosecuted for the offense with which the defendant is charged, or a lesser-included offense of that charge, the witness is not an accomplice witness." *Id.*

Badillo does not point to any evidence in the record that raises an inference that J.K.'s mother committed any act with intent to promote or assist Badillo in the commission of his crime. *See* TEX.R.APP. P. 38.1(h) (brief must contain citations to authorities and record). Absent such evidence, trial counsel's failure to object to the charge or request an accomplice witness instruction can not be found to be deficient. *See Druery*, 225 S.W.3d at 497 (failing to give accomplice instruction is not error if witness is not accomplice).

## Motion in Limine

Badillo complains counsel was deficient in failing to file a motion in limine to preclude the State from (1) asking him about a previous felony conviction for which he successfully completed probation, (2) asking J.K.'s mother about Badillo's "abuse" of her, and (3) referring to the instant charge as a "sexual assault" rather than "prohibited sexual conduct." Badillo does not discuss if or when any of these matters were placed before the jury and does not offer any argument as to how the result of his trial would have been different had counsel filed a motion in limine. This failure precludes any relief. *See Ladd v. State*, 3 S.W.3d 547, 570 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000).

## Service of Complaint

Lastly, Badillo asserts his trial counsel became angry with him because he filed and served a "complaint" against counsel "in the middle of the trial." Badillo again fails to point to any evidence in the record or provide any legal authority to support his claim that this occurred or that it entitles him to reversal. *See* TEX.R.APP. P. 38.1(h).

### Prejudice

Because the burden is on a defendant to prove the "prejudice" prong of the *Strickland* test by a preponderance of the evidence, this court may consider the strength of the evidence against a defendant when considering a claim of ineffective assistance. *See Dennis v. State,* 151 S.W.3d 745, 752 (Tex.App.-Amarillo 2004, pet. ref'd); *Howard v. State,* 239 S.W.3d 359, 368 (Tex.App.-San Antonio, pet. filed) (mem.op.). Here, the evidence against Badillo was overwhelming. J.K. testified Badillo had sexual intercourse with her. Lt. Lively recorded her conversation with Badillo wherein he admitted to having sexual intercourse with J.K. and Badillo admitted J.K. was his step-daughter. Although denied by Badillo, Lt. Lively also testified she received an unsigned, typewritten fax from Badillo in which he admitted he had intercourse with J.K.

### Conclusion

Because Badillo has failed to demonstrate that trial counsel's actions were deficient in many of his complaints, failed to argue much less demonstrate that the outcome of the trial would have been different even assuming deficient performance, and given the overwhelming evidence of his guilt, we overrule Badillo's point of error claiming ineffective assistance of counsel.

### EVIDENTIARY ISSUE

In his final point of error, Badillo argues the admission of letters he sent to J.K.'s mother violated article 39.14 of the Texas Code of Criminal Procedure, certain provisions of the Texas and United States Constitutions, and the *Brady*[4] doctrine because the letters were not provided to him in discovery.

We have discussed the State's obligation to provide discovery above. Because any discovery under article 39.14 is triggered only by a court order and none exists in this case, and because there is no general constitutional right to discovery, Badillo's complaint on those grounds must fail. *See Weatherford,* 429 U.S. at 559, 97 S.Ct. 837; TEX.CODE CRIM. PROC. ANN. art. 39.14 (Vernon Supp. 2007). With respect to Badillo's *Brady* argument, we have reviewed the letters in question, and they are not exculpatory. Badillo does not explain how the letters would be helpful to his defense. Moreover, *Brady* does not apply to evidence known to the defense and Badillo admitted he sent the letters. *See Hayes v. State,* 85 S.W.3d 809, 815 (Tex.Crim.App. 2002). The point is overruled.

Having considered and overruled all of Badillo's points of error, we affirm the trial court's judgment.

---

4. Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the State is required to provide a defendant with exculpatory material or other evidence favorable to his defense.