

### Court Of Appeals
### Fourth Court of Appeals District of Texas
### San Antonio

★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

Nos. 04-08-00765-CR; 04-08-00766-CR & 04-08-00767-CR

Philipe **PEREZ** a/k/a Mario Perez,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR5055B; 2006CR5056B & 2006CR5057B
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:      Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed: September 9, 2009

AFFIRMED

     Philipe Perez a/k/a Mario Perez pled no contest to multiple counts of aggravated robbery with a deadly weapon. On appeal, Perez contends he "was not given the full hearing to which he was entitled on his attorney's motion to withdraw." Alternatively, in the event this court holds that his first issue is not preserved, Perez contends trial counsel was ineffective because he "failed to call the

conflict [between Perez and trial counsel] to the attention of the trial court earlier, or failed to adequately request a hearing." We overrule Perez's issues and affirm the trial court's judgments.

On July 30, 2008, the trial court held a hearing and found the evidence sufficient to support Perez's plea. After the trial court set the sentencing hearing for September 8, 2008, in order to obtain a pre-sentence investigation report which trial counsel requested, trial counsel reminded the trial court on the record that his client had made a motion to fire him "the other day when we were in court pursuing the pretrial negotiations." Trial counsel stated that another motion had been filed with the same argument and requested a ruling on the record. The trial judge responded that she recalled the motion was based on Perez's desire to hire another attorney or obtain appointed counsel because of some conflicts with trial counsel. The trial court stated that the motion was denied because of the ages of the cases given that the offense dates were April 9, 2006, and the fact that Perez's case was number one on the docket. No objection was made regarding the need for a "full" hearing on the motion; therefore, Perez's first issue is not preserved for our review. *See* TEX. R. APP. P. 33.1.

To establish ineffective assistance of counsel, a defendant must show both that trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.). We presume trial counsel acted within the proper range of reasonable and professional assistance and that his trial decisions were based on sound strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Badillo*, 255 S.W.3d at 129. To overcome this presumption, allegations of ineffectiveness must be firmly founded in the record, and the record must

affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Badillo*, 255 S.W.3d at 129.

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation." *Id*. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id*. at 813-14. A proper record is best developed in a habeas corpus proceeding or in a motion for new trial hearing. *Salinas v. State*, 274 S.W.3d 256, 261 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). We will not speculate as to the basis for counsel's actions; thus a silent record on the reasoning behind counsel's actions is sufficient to overrule a claim of ineffective assistance on direct appeal. *Badillo*, 255 S.W.3d at 129.

In this case, no record was developed at a hearing on a motion for new trial to explain the reason trial counsel did not object to not being given a "full" hearing on the motion to withdraw. The record does reflect that trial counsel brought the alleged conflict to the trial court's attention on two occasions and obtained a ruling. The record does not, however, provide any insight into the reason trial counsel did not move to withdraw or request a hearing earlier. Because we cannot speculate regarding the reasons for trial counsel's decisions, we overrule Perez's second issue. We note, however, that our opinion does not preclude Perez from seeking habeas relief in regard to this claim. *See Thompson*, 9 S.W.3d at 814-15.

The trial court's judgments are affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH