# NO. 12-10-00153-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DIAUNTA SHERELL MELVIN,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Diaunta Sherell Melvin appeals her convictions for aggravated robbery, theft, and possession of a controlled substance. In two issues, Appellant argues that the trial court erred in overruling her objection to evidence and erred in allowing the State's witnesses to testify. The State did not file a brief. We affirm.

## BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence, we will briefly summarize the testimony at trial. Appellant took a woman's purse from a grocery cart as the woman shopped at a grocery store in Anderson County, Texas. The woman called out that her purse had been stolen, and several employees tried to stop Appellant. Appellant was able to run to a car in the parking lot and get into the front passenger seat of a white Cadillac automobile. One of the employees was injured when the driver put the car into reverse, accelerated, and knocked the employee over.

The police were called, and they were able to track Appellant to another grocery store. Appellant had the victim's credit cards in her own purse. The police also found the victim's checkbook under the floor mat of a white Cadillac parked at the second grocery store. The store employees told the police that Appellant attempted to cash a check at the store and that she may have thrown it away when she was unable to negotiate it. The police searched the trash and found a wadded up check made out to the store with Appellant's name in the memo line.

The police arrested Appellant. When she was being booked into jail, the police discovered a pipe on her person. The pipe contained cocaine, a controlled substance.

An Anderson County grand jury returned an indictment against Appellant alleging that she committed the offenses of aggravated robbery, theft, forgery, and possession of a controlled substance. Appellant pleaded not guilty, and a jury trial was held.

At the conclusion of the trial, the jury found Appellant guilty of the offenses of aggravated robbery, theft, and possession of a controlled substance. Appellant pleaded true to a sentencing enhancement, which alleged that she had a prior conviction for the felony offense of robbery. The jury found the sentencing enhancement to be true and assessed sentences of imprisonment for forty-five years, twenty years, and two years. The trial court entered a judgment against Appellant, and this appeal followed.

ADMISSION OF EVIDENCE

In her first issue, Appellant argues that the trial court erred in overruling her objection to testimony. Specifically, Appellant argues that the trial court should have sustained her hearsay objection to the officer's testimony that he "developed" Appellant as a suspect.

## Applicable Law

We review a trial court's decision to admit evidence over a hearsay objection for an abuse of discretion. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not disturb the evidentiary ruling of the trial court unless it falls outside the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). The rules of evidence forbid hearsay statements. *See* TEX. R. EVID. 801(d). By rule, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id*.

## Analysis

In a series of questions to Sergeant John Herod, a police officer, the State tried to illustrate how it was that the police came to identify Appellant as the person who stole the purse. The witnesses at the first grocery store were able to provide only a vague description of the suspect. It was a combination of collaborative police work and a telephone call from an unnamed person that led the police to the other store and to Appellant. The State sought to introduce a statement from Herod that he developed Appellant as a suspect. Appellant objected repeatedly, with the trial court sustaining most of the objections. However, the trial court allowed Herod to answer "[y]es" to the question of whether he was "able to develop another suspect." That suspect was Appellant.

Appellant argues that this is inadmissible hearsay because the officer testified as to his conclusion based on statements made by another person. However, courts have held that testimony explaining how an officer came to suspect a particular individual is admissible because it was "not offered to prove the truth of the matter asserted . . . ." *See Dinkins v. State*, 894

S.W.2d 330, 347-48 (Tex. Crim. App. 1995); *Jones v. State*, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992), *overruled on other grounds*, *Maxwell v. State*, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001); *McCreary v. State*, 194 S.W.3d 517, 521 (Tex. App.–Houston [1st Dist.] 2006, no pet.); *Davis v. State*, 169 S.W.3d 673, 675-76 (Tex. App.–Fort Worth 2005, no pet.).

The evidence that the police officer's attention was directed to Appellant was not admitted to show she was guilty of the robbery. Rather, it was admitted to show what the police did next and why they searched her person and the white Cadillac. In fact, the police officers testified that the information received from the witnesses at the scene of the initial offense was not sufficient for them to make a conclusive identification and that the descriptions given were incomplete.

We note that the trial court admonished the jury that the statements about developing a suspect were not to be used by them for the truth of what the police officer heard from another witness. Additionally, Sergeant Herod and Officer Jamie McCarter both testified, without objection, that they developed Appellant as a suspect based on information they gathered from additional sources. Accordingly, Appellant was not harmed by the admission of the officer's statement even if the trial court erred in allowing the evidence. *See Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) ("We have often held that erroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.'") (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)).

Because the statement was not offered for the truth of the matter asserted, the trial court did not abuse its discretion by overruling Appellant's hearsay objection. We overrule Appellant's first issue.

### TESTIMONY OF WITNESS–PRETRIAL DISCOVERY

In her second issue, Appellant argues that the trial court erred in allowing the State to call witnesses. Specifically, Appellant argues that the State did not comply with the trial court's order to furnish a witness list prior to trial and that the trial court should have excluded all of the State's witnesses for that reason.

**Background**

According to the record, the trial court ordered the State to provide a list of all anticipated trial witnesses at least fifteen days before trial. The State did not provide a list of witnesses prior to trial.

The State's first witness was the woman who had her purse stolen. Appellant objected to her testimony on the basis that the State had not complied with a court order obligating it to disclose witnesses. The State pointed out that the witness was identified in the indictment and further argued that while it did not comply with the discovery order by filing a witness list, it had

an open file policy and the witnesses were known to the defense attorney. The trial court allowed the testimony of the first witness and instructed the parties to research the issue. Appellant renewed his objection to the remainder of the State's witnesses, and the trial court overruled those objections.

## Standard of Review

We review the trial court's decision to allow a witness to testify who should have been disclosed but was not for an abuse of discretion. *See Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989). We will not disturb the trial court's decision to allow or disallow a witness unless the appellant can show an abuse of discretion. *See Depena v. State*, 148 S.W.3d 461, 467 (Tex. App–Corpus Christi 2004, no pet.); *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.–El Paso 2000, pet. ref'd).

## Applicable Law

There is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 846, 51 L. Ed. 2d 30 (1977). The Due Process Clause of the Fifth Amendment to the United States Constitution confers upon defendants a right to be informed about the existence of exculpatory evidence; it does not require the prosecution to "'reveal before trial the names of all witnesses who will testify unfavorably.'" *Ex parte Pruett*, 207 S.W.3d 767, 767 (Tex. Crim. App. 2005) (quoting *Weatherford*, 429 U.S. at 559, 97 S. Ct. at 845). The code of criminal procedure affords a defendant the right to discover expert witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (Vernon Supp. 2010); *Badillo v. State*, 255 S.W.3d 125, 130 (Tex. App.–San Antonio 2008, no pet.). The code "does not mandate disclosure of witnesses generally." *Badillo*, 255 S.W.3d at 130.

In determining whether the trial court abused its discretion by allowing the testimony of an unlisted witness, we consider whether the state acted in bad faith in failing to provide the defense with the name of the witness and whether the defendant could reasonably anticipate that the witness would testify. *See Wood v. State*, 18 S.W.3d 642, 649-50 (Tex. Crim. App. 2000); *Nobles v. State*, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992). A lack of bad faith alone will support a trial court's ruling allowing an unlisted witness to testify. *See Campbell v. State*, 900 S.W.2d 763, 772 (Tex. App.–Waco 1995, no pet.).

In determining whether the state acted in bad faith, we ask whether the defendant established that the state intended to deceive him, whether the state's notice left the defendant adequate time to prepare, and whether the state freely provided the defendant with information by maintaining an open file policy, providing updated witness lists, or promptly notifying the defendant of new witnesses. *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.–Texarkana 2000, pet. ref'd). Similarly, in determining whether the defense could have anticipated the state's witness, we look to the degree of surprise to the defendant, the degree of disadvantage inherent in that

surprise, and the degree to which the trial court was able to remedy that surprise (e.g., by granting the defense a recess, postponement, or continuance). *Id*. at 88–89.

## Analysis

Appellant does not argue that the State acted in bad faith or that he could not anticipate that the State would call witnesses or who those witnesses would be. In fact, Appellant does not argue, and did not argue at trial, that any of the witnesses were unknown to him. The State conceded that it did not comply with the trial court's discovery order but asserted that its open file policy was sufficient to apprise Appellant of the witnesses against him.[1]

The record does not disclose what was contained in the State's file at the time it was made available to defense counsel prior to trial. The record does contain an affidavit submitted for the purpose of having a judge make a probable cause determination for Appellant's continued detention. That affidavit lists the names of most of the officers and civilian witnesses who testified. This affidavit appears to have been in the court's file prior to the trial in this matter. It was faxed to the court on December 14, 2009, and the trial was held in April 2010. Because it was in the court's file, this document would have been available to defense counsel and so he would have been on inquiry notice of the witnesses referenced in the affidavit. Additionally, the complaining witnesses were identified in the indictment, and so those witnesses would not have been a surprise to Appellant.

In response to the State's argument that its open records policy was sufficient to discharge its discovery obligation, Appellant did not argue or present evidence that any witnesses were previously unknown to her and did not show that her ability to prepare a defense was diminished. In fact, counsel appeared to be well prepared, had a strong grasp of the evidence, and was able to cross examine witnesses.[2] There is no showing that the State acted in bad faith or that Appellant's due process rights were compromised. Accordingly, we hold that the trial court did not abuse its discretion by allowing the State's witnesses to testify. *See Campbell*, 900 S.W.2d at 772. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

---

[1] At one point, the assistant district attorney stated that "[w]e don't follow [the discovery] order." Instead, he asserted that the open file policy met their discovery obligation. Later in the trial, the assistant district attorney said the State had failed to comply because the case was set for trial soon after indictment and there had not been a "status date on this case." In the context of his remarks, it appears that the attorney meant that a status date served as a kind of an informal reminder to cause the State to announce its witnesses.

[2] Neither the affidavit nor the indictment makes any mention of a video tape. But in his opening statement, Appellant's counsel said that he had seen the video. Additionally, he stated, accurately, that no fingerprint or handwriting analysis was done and that the witnesses' identifications of Appellant shortly after the offense were vague. In short, counsel was well prepared for trial.

**BRIAN HOYLE**
Justice

Opinion delivered July 13, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)