NO.
12-10-00153-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

DIAUNTA
SHERELL MELVIN,                     §                 APPEAL FROM THE THIRD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Diaunta
Sherell Melvin appeals her convictions for aggravated robbery, theft, and
possession of a controlled substance.  In two issues, Appellant argues that the
trial court erred in overruling her objection to evidence and erred in allowing
the State’s witnesses to testify.  The State did not file a brief.  We affirm.

 

Background

Because
Appellant does not challenge the sufficiency of the evidence, we will briefly
summarize the testimony at trial.  Appellant took a woman’s purse from a
grocery cart as the woman shopped at a grocery store in Anderson County,
Texas.  The woman called out that her purse had been stolen, and several
employees tried to stop Appellant.  Appellant was able to run to a car in the
parking lot and get into the front passenger seat of a white Cadillac
automobile.  One of the employees was injured when the driver put the car into
reverse, accelerated, and knocked the employee over. 

The
police were called, and they were able to track Appellant to another grocery
store.  Appellant had the victim’s credit cards in her own purse.  The police
also found the victim’s checkbook under the floor mat of a white Cadillac
parked at the second grocery store.  The store employees told the police that
Appellant attempted to cash a check at the store and that she may have thrown
it away when she was unable to negotiate it.  The police searched the trash and
found a wadded up check made out to the store with Appellant’s name in the memo
line.

The
police arrested Appellant.  When she was being booked into jail, the police
discovered a pipe on her person.  The pipe contained cocaine, a controlled
substance.

An
Anderson County grand jury returned an indictment against Appellant alleging
that she committed the offenses of aggravated robbery, theft, forgery, and
possession of a controlled substance.  Appellant pleaded not guilty, and a jury
trial was held.  

At
the conclusion of the trial, the jury found Appellant guilty of the offenses of
aggravated robbery, theft, and possession of a controlled substance.  Appellant
pleaded true to a sentencing enhancement, which alleged that she had a prior
conviction for the felony offense of robbery.  The jury found the sentencing
enhancement to be true and assessed sentences of imprisonment for forty-five
years, twenty years, and two years.  The trial court entered a judgment against
Appellant, and this appeal followed.

 

Admission of Evidence

            In
her first issue, Appellant argues that the trial court erred in overruling her
objection to testimony.  Specifically, Appellant argues that the trial court
should have sustained her hearsay objection to the officer’s testimony that he
“developed” Appellant as a suspect.

Applicable
Law

We
review a trial court’s decision to admit evidence over a hearsay objection for
an abuse of discretion.  See Casey v. State, 215 S.W.3d
870, 879 (Tex. Crim. App. 2007); Willover v. State, 70 S.W.3d
841, 845 (Tex. Crim. App. 2002).  We will not disturb the evidentiary ruling of
the trial court unless it falls outside the zone of reasonable disagreement.  See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on reh’g).  The rules of evidence forbid hearsay statements.  See Tex. R. Evid. 801(d).  By rule, hearsay
is “a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter
asserted.”  Id.  

Analysis

In
a series of questions to Sergeant John Herod, a police officer, the State tried
to illustrate how it was that the police came to identify Appellant as the
person who stole the purse.  The witnesses at the first grocery store were able
to provide only a vague description of the suspect.  It was a combination of collaborative
police work and a telephone call from an unnamed person that led the police to
the other store and to Appellant.  The State sought to introduce a statement
from Herod that he developed Appellant as a suspect.  Appellant objected
repeatedly, with the trial court sustaining most of the objections.  However, the
trial court allowed Herod to answer “[y]es” to the question of whether he was
“able to develop another suspect.”  That suspect was Appellant.

Appellant
argues that this is inadmissible hearsay because the officer testified as to
his conclusion based on statements made by another person.  However, courts
have held that testimony explaining how an officer came to suspect a particular
individual is admissible because it was “not offered to prove the truth of the
matter asserted . . . .”  See Dinkins v. State, 894 S.W.2d 330,
347-48 (Tex. Crim. App. 1995); Jones v. State, 843 S.W.2d 487,
499 (Tex. Crim. App. 1992), overruled on other grounds, Maxwell v.
State, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001); McCreary v.
State, 194 S.W.3d 517, 521 (Tex. App.–Houston [1st Dist.] 2006, no
pet.); Davis v. State, 169 S.W.3d 673, 675-76 (Tex. App.–Fort
Worth 2005, no pet.).

The
evidence that the police officer’s attention was directed to Appellant was not
admitted to show she was guilty of the robbery.  Rather, it was admitted to
show what the police did next and why they searched her person and the white
Cadillac.  In fact, the police officers testified that the information received
from the witnesses at the scene of the initial offense was not sufficient for
them to make a conclusive identification and that the descriptions given were
incomplete. 

We
note that the trial court admonished the jury that the statements about
developing a suspect were not to be used by them for the truth of what the
police officer heard from another witness.   Additionally, Sergeant Herod and
Officer Jamie McCarter both testified, without objection, that they developed
Appellant as a suspect based on information they gathered from additional
sources.  Accordingly, Appellant was not harmed by the admission of the
officer's statement even if the trial court erred in allowing the evidence.  See
Coble v. State, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (“We have
often held that erroneously admitting evidence ‘will not result in reversal
when other such evidence was received without objection, either before or after
the complained-of ruling.’”) (quoting Leday v. State, 983 S.W.2d
713, 718 (Tex. Crim. App. 1998)).  

Because
the statement was not offered for the truth of the matter asserted, the trial
court did not abuse its discretion by overruling Appellant’s hearsay
objection.  We overrule Appellant’s first issue.

 

Testimony of Witness–Pretrial Discovery

            In
her second issue, Appellant argues that the trial court erred in allowing the
State to call witnesses.  Specifically, Appellant argues that the State did not
comply with the trial court’s order to furnish a witness list prior to trial
and that the trial court should have excluded all of the State’s witnesses for
that reason.  

Background

            According
to the record, the trial court ordered the State to provide a list of all
anticipated trial witnesses at least fifteen days before trial.  The State did
not provide a list of witnesses prior to trial.  

The
State’s first witness was the woman who had her purse stolen.  Appellant
objected to her testimony on the basis that the State had not complied with a
court order obligating it to disclose witnesses.  The State pointed out that
the witness was identified in the indictment and further argued that while it
did not comply with the discovery order by filing a witness list, it had an
open file policy and the witnesses were known to the defense attorney.  The
trial court allowed the testimony of the first witness and instructed the
parties to research the issue.  Appellant renewed his objection to the
remainder of the State’s witnesses, and the trial court overruled those
objections.

Standard
of Review

We
review the trial court’s decision to allow a witness to testify who should have
been disclosed but was not for an abuse of discretion.  See Martinez v.
State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); Stoker v. State,
788 S.W.2d 1, 15 (Tex. Crim. App. 1989).  We will not disturb the trial court’s
decision to allow or disallow a witness unless the appellant can show an abuse
of discretion.  See Depena v. State, 148 S.W.3d 461, 467
(Tex. App–Corpus Christi 2004, no pet.); Castaneda v. State, 28
S.W.3d 216, 223 (Tex. App.–El Paso 2000, pet. ref’d).

Applicable
Law

There
is no general constitutional right to discovery in a criminal case.  See Weatherford
v. Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 846, 51 L. Ed. 2d 30
(1977).  The Due Process Clause of the Fifth Amendment to the United States
Constitution confers upon defendants a right to be informed about the existence
of exculpatory evidence; it does not require the prosecution to “‘reveal before
trial the names of all witnesses who will testify unfavorably.’” Ex parte
Pruett, 207 S.W.3d 767, 767 (Tex. Crim. App. 2005) (quoting Weatherford,
429 U.S. at 559, 97 S. Ct. at 845).  The code of criminal procedure affords a
defendant the right to discover expert witnesses.  See Tex. Code Crim. Proc. Ann. art. 39.14
(Vernon Supp. 2010); Badillo v. State, 255 S.W.3d 125, 130 (Tex.
App.–San Antonio 2008, no pet.).  The code “does not mandate disclosure of
witnesses generally.”  Badillo, 255 S.W.3d at 130.  

In
determining whether the trial court abused its discretion by allowing the
testimony of an unlisted witness, we consider whether the state acted in bad
faith in failing to provide the defense with the name of the witness and
whether the defendant could reasonably anticipate that the witness would
testify.  See Wood v. State, 18 S.W.3d 642, 649-50 (Tex. Crim.
App. 2000); Nobles v. State, 843 S.W.2d 503, 514-15 (Tex. Crim.
App. 1992). A lack of bad faith alone will support a trial court’s ruling
allowing an unlisted witness to testify.  See Campbell v. State,
900 S.W.2d 763, 772 (Tex. App.–Waco 1995, no pet.).

In
determining whether the state acted in bad faith, we ask whether the defendant
established that the state intended to deceive him, whether the state’s notice
left the defendant adequate time to prepare, and whether the state freely
provided the defendant with information by maintaining an open file policy,
providing updated witness lists, or promptly notifying the defendant of new
witnesses.  Hardin v. State, 20 S.W.3d 84, 88 (Tex.
App.–Texarkana 2000, pet. ref’d).  Similarly, in determining whether the
defense could have anticipated the state’s witness, we look to the degree of
surprise to the defendant, the degree of disadvantage inherent in that
surprise, and the degree to which the trial court was able to remedy that
surprise (e.g., by granting the defense a recess, postponement, or
continuance).  Id. at 88–89.

Analysis

Appellant
does not argue that the State acted in bad faith or that he could not
anticipate that the State would call witnesses or who those witnesses would
be.  In fact, Appellant does not argue, and did not argue at trial, that any of
the witnesses were unknown to him.  The State conceded that it did not comply
with the trial court’s discovery order but asserted that its open file policy
was sufficient to apprise Appellant of the witnesses against him.[1]  

The
record does not disclose what was contained in the State’s file at the time it
was made available to defense counsel prior to trial.  The record does contain
an affidavit submitted for the purpose of having a judge make a probable cause
determination for Appellant’s continued detention.  That affidavit lists the
names of most of the officers and civilian witnesses who testified.  This
affidavit appears to have been in the court’s file prior to the trial in this
matter.  It was faxed to the court on December 14, 2009, and the trial was held
in April 2010.  Because it was in the court’s file, this document would have
been available to defense counsel and so he would have been on inquiry notice
of the witnesses referenced in the affidavit.   Additionally, the complaining
witnesses were identified in the indictment, and so those witnesses would not have
been a surprise to Appellant.   

In
response to the State’s argument that its open records policy was sufficient to
discharge its discovery obligation, Appellant did not argue or present evidence
that any witnesses were previously unknown to her and did not show that her
ability to prepare a defense was diminished.  In fact, counsel appeared to be
well prepared, had a strong grasp of the evidence, and was able to cross
examine witnesses.[2]  There is no showing that the
State acted in bad faith or that Appellant’s due process rights were
compromised.  Accordingly, we hold that the trial court did not abuse its
discretion by allowing the State’s witnesses to testify.  See Campbell,
900 S.W.2d at 772.  We overrule Appellant’s second issue.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the
trial court.

 

            

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

Opinion delivered July 13, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] At one point,
the assistant district attorney stated that “[w]e don’t follow [the discovery]
order.”  Instead, he asserted that the open file policy met their discovery
obligation.  Later in the trial, the assistant district attorney said the State
had failed to comply because the case was set for trial soon after indictment
and there had not been a “status date on this case.”  In the context of his
remarks, it appears that the attorney meant that a status date served as a kind
of an informal reminder to cause the State to announce its witnesses.  





[2] Neither the
affidavit nor the indictment makes any mention of a video tape.  But in his
opening statement, Appellant’s counsel said that he had seen the video. 
Additionally, he stated, accurately, that no fingerprint or handwriting
analysis was done and that the witnesses’ identifications of Appellant shortly
after the offense were vague.  In short, counsel was well prepared for trial.