

**NUMBER 13-12-00392-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHAD WADE SPENCE,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

**On appeal from the 24th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant, Chad Wade Spence, appeals his conviction for three offenses: (1) manufacture or delivery of methamphetamine, a controlled substance in penalty group one, in an amount of 400 grams or more, a first-degree felony, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (f) (West 2010); (2) possession of certain

chemical precursors, to-wit: ephedrine, pseudoephedrine, and norpseudoephedrine, with intent to manufacture methamphetamine, a second-degree felony, *see id.* §§ 481.002(51)(N)–(P), 481.124(a)(3), (d)(1) (West 2010); and (3) possession or transport of anhydrous ammonia in a container or receptacle that is not designed or manufactured to hold or transport anhydrous ammonia, a third-degree felony, *see id.* § 481.1245(a)(1), (d) (West 2010). We affirm.

## I. BACKGROUND

Appellant's case was tried to a jury. During his opening statement, counsel for appellant told the jury that the evidence would show that Deborah McDaniel had admitted to running the methamphetamine laboratory at issue in this case, that she had identified a man named J.P. Mitchell as her partner in running the lab, and that she had stated that appellant was not involved in their criminal enterprise. Counsel also told the jury that the evidence would show that McDaniel had two children taken from her by Child Protective Services. According to counsel, the threat of losing her children gave McDaniel a motive to falsely accuse appellant. Counsel then acknowledged that appellant was on parole, but he also told the jury that the evidence would show that appellant had never tested positive for drug use while on parole.

The State called a number of witnesses to testify regarding the circumstances of appellant's arrest. Although it is unnecessary to summarize the testimony in this memorandum opinion, *see* TEX. R. APP. P. 47.4, we note that there was substantial evidence of appellant's guilt.

Appellant's attorney cross-examined the State's witnesses. Counsel also called witnesses to testify on behalf of appellant. These included McDaniel, who testified that

2

appellant was not involved in running the methamphetamine laboratory at issue in this case, that she and Mitchell operated the lab, and that appellant did not know they were manufacturing methamphetamine. McDaniel also testified that she gave a false statement to police implicating appellant because she did not want to lose custody of her two children as a result of her activities.

Upon completion of appellant's case, appellant asked to speak to the trial court and proceeded to complain that counsel was not calling the witnesses he requested. Counsel responded by informing the court that he had, so far, asked the witnesses every question that appellant asked him to ask and that every such question had hurt appellant's case. Counsel told the court that he felt he now needed to go against appellant's additional ideas to protect appellant. The following exchange then took place:

Counsel: [Appellant], I've admonished you that I do not want you to testify.

Appellant: I will testify. I will testify. I feel that that jury and the people in the stands have said that an innocent man can't stand up and talk for himself, it has appeared to me and if it was me I would hold you accountable for your actions if you weren't even willing to tell me nothing.

Subsequently, counsel advised appellant not to testify and warned appellant of the consequences of taking the stand. Nevertheless, appellant elected to make a statement to the jury. He admitted to his prior drug usage, to having assisted in the theft of weapons, and to having violated his probation by possessing hunting knives and a baton. He also admitted to purchasing ephedrine and giving it to people he suspected were using it for illegal purposes, though he denied making methamphetamine himself. Appellant also admitted to falsifying parole papers.

On cross-examination, the prosecutor asked appellant whether McDaniel manufactured methamphetamine at their residence. Appellant denied that she had ever done so. The prosecutor then interjected, "That's not what she told me." Counsel for appellant made no objection to the prosecutor's remark.

At the conclusion of the trial, the jury found appellant guilty of the three charged offenses. This appeal ensued.

## II. ANALYSIS

In one issue, appellant argues that his conviction must be reversed because he received ineffective assistance of counsel at trial.

### A. Standard of Review

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; TEX. CONST. art. 1, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2010). To prove ineffective assistance of counsel, the defendant must meet the heavy burden established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, assistance of counsel is ineffective if, in considering the totality of the circumstances: (1) counsel made such serious errors that he was not functioning effectively as counsel; and (2) counsel's deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Id.*; *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995).

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The record must affirmatively

demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will not find counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

## B. Applicable Law

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation." *Id.* "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.* at 813–14.

"To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814 (quotations omitted). "Indeed in a case such as this, where the alleged derelictions primarily are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record." *Id.* Thus, the Texas Court of Criminal Appeals has held that the presumption of reasonable professional assistance is not rebutted where the record is silent as to counsel's reasons for not objecting to the State's persistent attempts to offer inadmissible evidence. *See id.* ("The record in the case at bar is silent as to why appellant's trial

counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay. Therefore, appellant has failed to rebut the presumption this was a reasonable decision.").

## C. Discussion

Appellant submits that this case is one of the rare cases that actually meets the rigid *Strickland* test. Appellant complains about three different aspects of his counsel's representation: (1) counsel's opening statement in which he informed the jury that appellant was on parole; (2) counsel's failure to object to and request limiting instructions regarding evidence of extraneous offenses offered by the State; and (3) counsel's failure to object and move for a mistrial when, during cross-examination of appellant, the prosecutor asked whether appellant and McDaniel had ever cooked methamphetamine at their house, appellant denied the allegation, and the prosecutor responded by stating, "That's not what she told me."

Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). In this case, counsel has not been afforded an opportunity to explain the reasons for his actions with regard to his opening statement and with regard to his failure to object to the evidence of extraneous offenses and the prosecutor's remark during appellant's cross-examination. We do not know the reasons for counsel's decisions. *See Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct

6

appeal."). It is possible that counsel's conduct could have been grounded in legitimate trial strategy. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined.").

On the record before us, we cannot conclude that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593. Consequently, we conclude that the record fails to show deficient performance. *See Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.) ("[T]hus a silent record on the reasoning behind counsel's actions is sufficient to [overrule this issue.]").

Appellant's one issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
28th day of February, 2013.

7