

NUMBER 13-12-00733-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MATTHEW SKODZINSKY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 117th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, appellant, Matthew Skodzinsky, appeals his convictions on two counts of burglary of a habitation for which he received a life sentence. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). We affirm.

# I. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends that the evidence is insufficient to prove that he entered the habitation without the effective consent of the owners. *See id.*

## A. Standard of Review

In a sufficiency review, courts examine the evidence in the light most favorable to the verdict to determine whether "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard requires reviewing courts to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . ."). Appellate courts do not re-evaluate the weight and credibility of the evidence; they only ensure that the fact finder reached a rational decision. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240.

**B. Applicable Law**

Lack of effective consent is an essential element of the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a). "[P]roof of lack of consent to entry in a prosecution for burglary . . . may be by circumstantial evidence the same as any other issue in a criminal case may be proved by circumstantial evidence." *Prescott v. State*, 610 S.W.2d 760, 763 (Tex. Crim. App. [Panel Op.] 1981). It is not necessary "for a complainant to expressly use 'the magic words' that she did not give her effective consent or that the accused did not have her effective consent to enter the premises when testifying." *Id.*

**C. Discussion**

Appellant argues that there is no evidence that he entered the habitation without the effective consent of its owners, Perry Bailey and Penny Webb, as alleged in the indictment. We disagree.

At trial, the evidence showed that Bailey and Webb leased and occupied the home in question and were asleep in bed when appellant entered the premises. Webb testified that she did not know appellant was planning to visit her home. Webb further testified that she did not "in any way invite" appellant "over to the house." Finally, Webb testified that she became aware of appellant's presence in the home when she woke up at approximately 3:00 a.m. to the sound of appellant "beating on" Bailey, who had been sleeping next to her in the same bed. Bailey was so severely injured in the encounter that he was unavailable to testify at trial.

Based on the foregoing evidence, the jury could have found that appellant entered the premises without the consent of the owners, who were asleep at the time of

3

his entry. Furthermore, the fact that appellant entered the house through an unlocked door does not compel a different conclusion. *See Hickson v. State*, No. 04-09-00445-CR, 2010 Tex. App. LEXIS 4109, *1, *9 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op., not designated for publication) (holding that entry was without consent when "man abruptly entered the house through an unlocked door"). On this record, "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

Appellant's first issue is overruled.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant contends that he received ineffective assistance of counsel at trial.

### A. Applicable Law and Standard of Review

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. 1 § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2010). To prove ineffective assistance of counsel, the defendant must meet the heavy burden established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, assistance of counsel is ineffective if, in considering the totality of the circumstances: (1) counsel made such serious errors that he was not functioning effectively as counsel; and (2) counsel's deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Id.*; *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of

4

reasonable professional judgment." *Strickland*, 466 U.S. at 690. The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will not find counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation." *Id.* "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.* at 813–14.

"To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814 (quotations omitted). "Indeed in a case such as this, where the alleged derelictions primarily are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record." *Id.* Thus, for example, the Texas Court of Criminal Appeals has held that the presumption of reasonable professional assistance is not rebutted where the record is silent as to counsel's reasons for not objecting to the State's persistent attempts to offer inadmissible evidence. *See id.*

**B. Discussion**

Appellant argues that he received ineffective assistance of counsel at trial because his attorney did not (1) move for a directed verdict at the close of the State's case-in-chief on the basis that the State has failed to prove the element of lack of consent and (2) make a closing argument.

Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). In this case, counsel has not been afforded an opportunity to explain the reasons for his actions with regard to his failure to move for a directed verdict and to make a closing argument. We do not know the reasons for counsel's decisions. *See Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal."). It is possible that counsel's conduct could have been grounded in legitimate trial strategy. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined."). It is possible that counsel did not move for a directed verdict because, like this Court, he concluded that the evidence was sufficient to prove that appellant entered the habitation without the consent of the owners. It is also possible that counsel did not make a closing argument because the evidence of guilt was overwhelming. It is possible that counsel exercised sound professional judgment and executed a reasonable trial strategy by waiving a closing argument that the jury would

6

most likely have rejected and choosing to focus instead on the punishment phase of trial, in which counsel did make a closing argument to the jury.

On the record before us, we cannot conclude that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593. Consequently, we conclude that the record fails to show deficient performance. *See Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.) ("[T]hus a silent record on the reasoning behind counsel's actions is sufficient to [overrule this issue.]").

Appellant's second issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.

7