

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-62,099-05

### EX PARTE ROBERT LYNN PRUETT, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION TO STAY THE EXECUTION IN CAUSE NO. B-D1-MO15-PR-B IN THE 156TH JUDICIAL DISTRICT COURT BEE COUNTY

*Per curiam*.  KEASLER, J., concurs.  ALCALA, J., filed a dissenting statement.  RICHARDSON, J., not participating.

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and a motion to stay applicant's execution.

In April 2002, a jury found applicant guilty of the offense of capital murder.  The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death.  This

Court affirmed applicant's conviction and sentence on direct appeal. *Pruett v. State*, No. AP-74,370 (Tex. Crim. App. Sept. 22, 2004)(not designated for publication). Applicant filed his initial application for a writ of habeas corpus in the convicting court in February 2004, and this Court subsequently denied relief. *Ex parte Pruett*, 207 S.W.3d 767 (Tex. Crim. App. 2005). Applicant filed a subsequent application for a writ of habeas corpus in the trial court on July 14, 2014. This Court determined that the subsequent application failed to satisfy the requirements of Article 11.071 § 5(a), and the Court dismissed it. *Ex parte Pruett*, No. WR-62,099-02 (Tex. Crim. App. Dec. 10, 2014)(not designated for publication). On April 1 and 8, 2015, applicant filed in this Court a motion for leave to file a petition for a writ of prohibition and a petition for a writ of prohibition. The Court denied applicant leave to file the writ of prohibition on April 20, 2015.

On April 17, 2015, applicant filed in the trial court his second subsequent application for a writ of habeas corpus. In that application, applicant asserted that he was entitled to relief under Texas Code of Criminal Procedure Article 11.073 because, had the results of DNA testing conducted pursuant to a Chapter 64 motion been available at the time of trial, it was likely that the jury would not have convicted him. In a separate opinion handed down this day, we denied applicant relief on that application.

On April 20, 2015, applicant filed in the trial court this his third subsequent application for a writ of habeas corpus. In this application, applicant asserts that he is entitled to relief under Texas Code of Criminal Procedure Article 11.073 because, had a

2009 National Academy of Sciences report been available, which, he asserts, could have discredited the testimony regarding tape comparisons, the jury would not have convicted him.

After reviewing applicant's application, we find that he has failed to satisfy the requirements of Article 11.071 § 5 and Article 11.073(c). Accordingly, the application is dismissed as an abuse of the writ without reviewing the merits of the claim, and his motion to stay the execution is denied. Art. 11.071 § 5(c).

IT IS SO ORDERED THIS THE 24TH DAY OF APRIL, 2015.

Publish