

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00150-CR

_____

FABIAN PANCHO TANKESLY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,279B; Honorable John B. Board, Presiding

July 17, 2018

## MEMORANDUM OPINION

Before QUINN, CJ., and CAMPBELL, AND PIRTLE, JJ.

Pursuant to a plea bargain, Appellant, Fabian Pancho Tankesly, was convicted of theft of service,[1] alleged to have been committed on or about June 6, 2014, in an amount

---

[1] TEX. PENAL CODE ANN. § 31.04(a)(3) (West 2016).

greater than $1,500 but less than $20,000, a state jail felony.[2]  Appellant's range of punishment was enhanced to that of a third degree felony by two prior state jail felony convictions[3] and he was sentenced to ten years confinement, suspended in favor of community supervision for a term of eight years, and assessed a fine of $1,500.

By its *Amended Motion to Revoke Order for Adult Probation* filed in April 2017, the State alleged numerous violations of the conditions of Appellant's community supervision. At a hearing held on the State's *Motion* on April 26, 2017, Appellant plead "not true" to all of the State's allegations.  The State presented testimony that since being placed on community supervision, Appellant had violated conditions of supervision by committing two additional crimes (trespass and interfering with a police officer performing his public duties), failing to pay a portion of his court-ordered supervision fees, and failing to submit to a psychiatric evaluation as directed.   After hearing Appellant's testimony, the trial court revoked his community supervision, sentenced him to ten years confinement, and assessed the original fine of $1,500, subject to a credit for any payments made.  In presenting this appeal, counsel has filed an *Anders* brief in support of a motion to withdraw.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  We affirm the trial court's judgment and grant counsel's motion to withdraw.

---

[2] TEX. PENAL CODE ANN. § 31.04(e)(4) (West 2016).  In September 2015, the monetary value of the services stolen for a state jail felony offense was changed to $2,500 or more, but less that $30,000.  *See* Act of June 20, 2015, 84th Leg., R.S., ch. 1251, § 11, 2015 Tex. Gen. Laws 4209, 4214-15 (eff. Sept. 1, 2015) (now codified at TEX. PENAL CODE ANN. § 31.04(e)(4) (West 2016)). Because Appellant's offense occurred in June 2014, the 2015 amendment is not applicable.

[3] TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2017).

*ANDERS*

In support of his motion to withdraw, counsel certifies that he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders*, 386 U.S. at 744-45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports this conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).

Additionally, counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[4] and (3) informing him of his right to file a *pro se* petition for discretionary review.[5] *In re Schulman*, 252 S.W.3d at 408. By letter, this court also advised Appellant of his right to file such a response.

Appellant subsequently filed a *pro se* motion for access to the appellate record. We denied that motion and, instead, ordered Appellant's counsel to prepare and deliver to him a readily accessible copy of the record. *Tankesly v. State,* No. 07-17-00150-CR, 2017 Tex. App. LEXIS 11251, *3 (Tex. App.—Amarillo Dec. 4, 2017, order) (not

---

[4] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding an appellant's right of access to the record for purposes of filing a *pro se* response).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

designated for publication). By letter dated December 13, 2017, Appellant's counsel certified that he provided Appellant with a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant subsequently filed a response. The State did not favor us with a brief.

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before the court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984).

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling; *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979), and "[t]he trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports *one* of the State's allegations that the

4

defendant violated a condition of his community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

ANALYSIS

By the *Anders* brief, counsel evaluates the record and determines that the trial court's judgment and sentence are supported by the evidence and that Appellant's sentence is within the statutory range. Appellant's response further raises a multitude of grounds, including ineffective assistance of counsel. Although we have not determined the merits of Appellant's response, we note that, notwithstanding his allegations, the present record is insufficient to establish that an appeal based on ineffective assistance of counsel would be non-frivolous.[6]

Here, the State presented evidence that Appellant had violated the conditions of his community supervision by committing two additional crimes, issuing bad checks to cover his supervision fees, failing to follow through with a mental health examination performed in March 2015, and failing to show up for a mental health examination in December 2016, in violation of a court order. By his testimony, Appellant sought to deny or excuse his misconduct and/or omissions. The trial court was free to believe or disbelieve Appellant's testimony. *Hacker*, 389 S.W.3d at 865. On that basis, counsel concludes that the record presents no arguable basis for appeal.

---

[6] Appellant may be able to pursue an ineffective assistance of counsel claim by means of a writ of habeas corpus filed in compliance with article 11.07 of the Texas Code of Criminal Procedure as the record on direct appeal contains no evidence that affirmatively demonstrates any ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). *See Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.) ("a silent record on the reasoning behind counsel's actions is sufficient to deny relief").

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief those issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).

Here, we too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

6